IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN BUSCHE AND              :        CIVIL ACTION
CHRISTINA BUSCHE              :
                             :
        v.                   :
                             :
MONACO COACH CORPORATION      :        NO. 06-3801

MEMORANDUM

Bartle, C.J.                                November 13, 2006

        Plaintiffs Brian Busche and Christina Busche instituted
this action on June 15, 2006 against defendant, Monaco Coach
Corporation, alleging breach of warranty, violations of the
Magnuson-Moss Warranty Improvement Act ("Magnuson-Moss Act"), 15
U.S.C. § 2301, and violations of the Pennsylvania Unfair Trade
Practices and Consumer Protection Law, 73 Pa. Cons. Stat.
§ 201-1.  Plaintiffs' complaint was originally filed in the Court
of Common Pleas of Delaware County, Pennsylvania.  Defendant
timely removed the action to this court.  Before the court is
defendant's motion to dismiss the complaint, pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure, on the ground
that the action is time-barred.

        A motion for summary judgment under Rule 56 of the
Federal Rules of Civil Procedure is usually the proper vehicle
where discovery is necessary to determine whether the statute of
limitations has run.  Saylor v. Ridge, 989 F. Supp. 680, 684
(E.D. Pa. 1998).  However, if discovery is unnecessary, such as

when the relevant dates are included in the complaint, dismissal under Rule 12(b)(6) is appropriate.  Clark v. Sears, Roebuck & Co., 816 F. Supp. 1064, 1067 (E.D. Pa. 1993).  Our Court of Appeals has approved this practice:

> [w]hile the language of Rule 8(c) [of the Federal rules of Civil Procedure] indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).

Defendant, as noted above, has filed the present motion to dismiss under Rule 12(b)(6).  Under such circumstances, a claim should be dismissed as time-barred only where it appears beyond doubt that the complaint, on its face, together with exhibits and documents integral to or explicitly relied upon in the complaint or matter of public record, demonstrates that the plaintiff cannot proceed.  Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004); Beverly Enterprises, Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

For present purposes, we accept as true the following allegations set forth in the complaint. On or about February 8, 2002 plaintiffs purchased a 2002 Monaco Knight motor home from Stoltzfus Trailer Sales, Inc. ("Stoltzfus"). Stoltzfus is an authorized dealer of Monaco motor homes located in West Chester, Pennsylvania. According to their complaint, plaintiffs took possession of the motor home on or about February 8, 2002, and it was at this point in time when they received the two warranties at issue. On April 15, 2003 plaintiffs took their motor home back to Stoltzfus because of numerous problems with its operation. The vehicle remained at Stoltzfus for sixty-two days while the necessary repairs were made. The motor home was returned for subsequent repairs on November 11, 2003, June 8, 2004, and November 1, 2005. The first of these repairs took three months, the second forty days, and the third an unspecified period of time. Plaintiffs allege that their motor home continues to have defects and non-conformities which impair its use.

Although not attached to the complaint, we may consider the terms of the two warranties on a motion to dismiss because they are "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory, 114 F.3d at 1426. The "Monaco Coach Corporation Motorhome Limited Warranty" ("Monaco Warranty") "covers defects in the manufacture of [the] motorhome and defects in the materials used to manufacture [the] motorhome" for "twelve (12) months from the original retail

-3-

purchase date or the first 24,000 miles of use, whichever occurs first."  It also "covers the steel or aluminum frame structure of the sidewalls (excluding slide outs), roof, and rear and front walls for sixty (60) months from the original retail purchase date or the first 50,000 miles of use, whichever comes first." In addition plaintiffs received a "Roadmaster Chassis Limited Warranty" ("Roadmaster Warranty"),[1] which "covers defects in the manufacture of the Roadmaster Chassis[] and defects in materials used to manufacture the Roadmaster Chassis."  Protection under the Roadmaster Warranty extends for "twenty-four (24) months from the original retail purchase date or the first 24,000 miles of use, whichever occurs first."

The Monaco and Roadmaster Warranties contain identical limitations regarding legal remedies and implied warranties.  The "Legal Remedies" sections state:  "Any action to enforce this express or any implied warranty shall not be commenced more than one (1) year after the expiration of this warranty ...."  The warranties further provide:  "Any implied warranties arising by way of state law, including any implied warranty of merchantability and any implied warranty of fitness for a particular purpose, are limited in duration to the term of this limited warranty and are limited in scope of coverage to those portions of the motorhome covered by this limited warranty."

---

1.  Raodmaster Chassis is a division of Monaco Coach Corporation.

Defendant argues that count II of the complaint, claiming breach of warranty, is time-barred under the terms of the Monaco and Roadmaster Warranties.  Defendant maintains that count I under the Magnuson-Moss Act and count III under the Pennsylvania Unfair Trade Practices and Consumer Protection Law must also be dismissed because they are derivative of the breach of warranty claim.

Plaintiffs, in their opposition to defendant's motion to dismiss, have attached their own affidavits.  On a motion to dismiss under Rule 12(b)(6), however, it is not proper to consider such affidavits, and we will exclude them from our analysis.

Pennsylvania's Uniform Commercial Code ("UCC") provides:

> (a) GENERAL RULE. --An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

> (b) ACCRUAL OF CAUSE OF ACTION. --A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

13 Pa. Cons. Stat. § 2725.

There is no dispute among the parties that § 2725 of Pennsylvania's UCC provides a four year statute of limitations with respect to the warranties at issue but allows the parties to reduce the four year period by their "original agreement." Defendant argues that the statute has been shortened by the original agreement of the parties so as to run one year after the expiration of the Monaco and Roadmaster Warranties. While plaintiffs concede that the language of the warranties does reduce the limitations period, they counter that such a reduction is void because it was not a part of the parties' "original agreement." Plaintiffs maintain that they did not receive either warranty when they signed the purchase documents. According to plaintiffs, they were not given the Monaco and Roadmaster Warranties until they picked up their motor home.

Defendant argues that there are two separate "original agreements"—the purchase agreement between plaintiffs and Stoltzfus, and the warranty agreements between plaintiffs and defendant. Defendant asserts that when plaintiffs received the Monaco and Roadmaster Warranties upon picking up their motor home, they were bound by the terms of the warranties as the "original agreements" between plaintiffs and defendant.

The UCC adopted in Pennsylvania defines agreement as "[t]he bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in this title ...." 13 Pa. Cons. Stat. § 1201. We cannot tell from

-6-

the face of the complaint whether the reduced limitations periods contained in the express Monaco and Roadmaster Warranties were part of the "original agreement." Thus, the complaint cannot be dismissed on this basis as time-barred.

Even absent a contractual reduction in the time to sue, defendant contends this action is still out of time. Under the UCC "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." 13 Pa. Cons. Stat. § 2725. The first step in our analysis is to decide when the accrual took place. "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." 13 Pa. Cons. Stat. § 2725. If plaintiffs' cause of action for breach of the express Monaco and Roadmaster Warranties accrued on or about February 8, 2002, the date they took possession of their motor home, their complaint would be time-barred because it was filed more than four years later on June 15, 2006. If, however, the Monaco and Roadmaster Warranties "explicitly extend[] to future performance of the goods," then the statute of limitations would not begin to run until plaintiffs' discovered or should have discovered the breach of the express warranty. 13 Pa. Cons. Stat. § 2725.

In Nationwide Ins. Co. v. Gen. Motors Corp., the Pennsylvania Supreme Court held that a claim under an express

-7-

warranty "cover[ing] any repairs and needed adjustments to correct defects in material or workmanship ... for 12 months or 12,000 miles, whichever comes first," did not accrue until the damage or malfunction was discovered or should have been discovered.  625 A.2d 1172, 1176 (Pa. 1993).  See also Keller v. Volkswagen of America, Inc., 733 A.2d 642 (Pa. Super. Ct. 1999). The court reasoned that whether a warranty extends to future performance does not depend on promises regarding how the vehicle will perform in the future but on the duration of the promise. Id. at 1176.  The court stated that "a promise to repair or adjust defective parts within the first 12 months or 12,000 miles after delivery cannot be breached until the vehicle requires repair or adjustment, and discovery of the breach must await the time of future performance."  Id. (internal quotations omitted).

The language of the Monaco and Roadmaster Warranties closely parallels the warranty at issue in Nationwide. Furthermore, since the Monaco Warranty extends certain coverage for sixty months, or five years, from the date of purchase, plaintiffs would have no legal remedy if the cause of action accrued on the date the motor home was tendered and the warranty was breached during the fifth year.  Such a result would be illogical and undermine the protection under the warranty.

Plaintiffs' cause of action for breach of the express Monaco and Roadmaster Warranties did not accrue until the date plaintiffs discovered, or should have discovered, the breach. While we do not know the precise date when the problem with the

-8-

motor home was discovered, or should have been discovered, it is
a reasonable inference that the discovery occurred only shortly
before plaintiffs first returned their motor home to Stoltzfus
for repair.  That occurred on April 13, 2003.  Defendant can
point to nothing in the limited record before us to establish
that plaintiffs' complaint was filed beyond the four year time
period allowed under § 2725 of the UCC.  Thus, defendant's motion
to dismiss plaintiffs' claim for breach of the express Monaco and
Roadmaster Warranties will be denied.

        Plaintiffs also allege in their complaint that
defendant violated the implied warranty of merchantability and
implied warranty of fitness for a particular purpose.  Unlike
express warranties, a cause of action for an implied warranty
accrues on the date the tender of delivery is made.  In
Nationwide, the warranty contained the following language:  "Any
implied warranty of merchantability or fitness for a particular
purpose applicable to this car is limited in duration to the
duration of this written warranty."  Nationwide, 625 A.2d at
1178.  The court held that the warranty's contractual language
did not "create implied warranties because such warranties are
created ... by operation of law in certain circumstances" and
therefore the implied warranties do not "explicitly extend[] to
future performance."  Id.  The Monaco and Roadmaster Warranties
contain precisely the same language concerning implied warranties
as was at issue in Nationwide.  Therefore, plaintiffs' cause of
action for breach of the implied warranties of merchantability

-9-

and fitness for a particular purpose accrued when they took possession of the motor home on or about February 8, 2002. The four year limitations period expired on or about February 8, 2006. As noted above, plaintiffs did not file their complaint until June 15, 2006. Thus, the clock has run on plaintiffs' claim for breach of the implied warranties of merchantability and fitness for a particular purpose. This claim will be dismissed.

Plaintiffs' complaint further avers that defendant violated the Magnuson-Moss Act by failing to comply with the terms of the express Monaco and Roadmaster Warranties. Defendant moves to dismiss this count on the ground that it is derivative of plaintiffs' claim for breach of express warranty and thus must be dismissed since plaintiffs' breach of warranty claim is out of time.

The Magnuson-Moss Act promulgates standards for consumer warranties. 15 U.S.C. §§ 2301-12. The Act also creates a civil remedy for violations although it does not contain a statute of limitations. 15 U.S.C. § 2310. "[W]hen a federal statute fails to provide a statute of limitations, a court should look to analogous state statutes." KingVision Pay-Per-View, Corp. v. 898 Belmont, Inc., 366 F.3d 217, 220 (3d Cir. 2004). On this point, the Supreme Court has stated:

> Since 1830, state statutes have repeatedly
> supplied the periods of limitations for
> federal causes of action when the federal
> legislation made no provision, and in seeking
> the right state rule to apply, courts look to
> the state statute "most closely analogous" to
> the federal Act in need. Because this

> penchant to borrow from analogous state law
> is not only "longstanding," but "settled," it
> is not only appropriate but also realistic to
> presume that Congress was thoroughly familiar
> with our precedents and that it expects its
> enactments to be interpreted in conformity
> with them.

North Star Steel Co. v. Thomas, 515 U.S. 29, 33-34 (1995)

(internal citations and quotations omitted).  "In virtually all

statutes of limitations the chronological length of the

limitation period is interrelated with provisions regarding

tolling, revival, and questions of application.  Courts thus

should not unravel state limitations rules unless their full

application would defeat the goals of the federal statute at

issue."  Hardin v. Straub, 490 U.S. 536, 539 (1989) (internal

citations omitted).

When deciding the proper limitations period, this court

has previously held "that the Magnuson-Moss Act is most closely

analogous to the [Uniform Commercial Code] ...."  Lowe v.

Volkswagen of Am., 879 F. Supp. 28, 30 (E.D. Pa. 1995).  Again,

the applicable statute of limitations is contained in the UCC's

§ 2725.  As explained above, we cannot determine at this stage of

the litigation whether the one year statute of limitations period

under the express Monaco and Roadmaster Warranties was part of

the parties' "original agreement."  If the four year limitations

period is applicable, the action under the Magnuson-Moss Act,

based on the current record, appears to be timely.

Finally, defendant moves to dismiss plaintiffs' claims

under the Pennsylvania Unfair Trade Practices and Consumer

Protection Law ("UTPCPL").  73 Pa. Cons. Stat. §§ 201-1-201-9.3.
The UTPCPL prohibits "[u]nfair methods of competition and unfair
or deceptive acts or practices in the conduct of any trade or
commerce."  73 Pa. Cons. Stat. § 201-3.  "Unfair methods of
competition and unfair or deceptive acts or practices" include:

> (vii) Representing that goods or services are
> of a particular standard, quality or grade,
> or that goods are of a particular style or
> model, if they are of another;
>
> ***
>
> (xiv) Failing to comply with the terms of any
> written guarantee or warranty given to the
> buyer at, prior to or after a contract for
> the purchase of goods or services is made;
>
> ***
>
> (xvi) Making repairs, improvements or
> replacements on tangible, real or personal
> property, of a nature or quality inferior to
> or below the standard of that agreed to in
> writing ....

73 Pa. Cons. Stat. § 201-2(4).

The UTPCPL, which protects a consumer from more than a
breach of warranty under the UCC, is governed by a six year
statute of limitations.  Keller, 733 A.2d at 646, n.9.  The
limitations period has not expired, and this claim may go
forward.

-12-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN BUSCHE AND | : | CIVIL ACTION |
| CHRISTINA BUSCHE | : | |
| | : | |
| v. | : | |
| | : | |
| MONACO COACH CORPORATION | : | NO. 06-3801 |

ORDER

AND NOW, this 13th day of November, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendant Monaco Coach Corporation to dismiss count II of the complaint is GRANTED with respect to plaintiffs' claims for breach of the implied warranties of merchantability and fitness for a particular purpose; and

(2)  the motion of defendant to dismiss is otherwise DENIED.

BY THE COURT:


/s/ Harvey Bartle III
                                            C.J.